# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

In re C. Douglass Thomas         )
Serial No. 13/099,285           )     **Appeal No. 2017-1149**
Filed: May 2, 2011              )
For:  **THERMAL AND POWER MANAGEMENT**  )
      **FOR COMPUTER SYSTEMS**       )

## <u>NOTICE FORWARDING CERTIFIED LIST</u>

A notice of appeal to the United States Court of Appeals for the Federal Circuit was timely filed on November 2, 2016, in the United States Patent and Trademark Office in connection with the above-identified patent application. Pursuant to 35 U.S.C. § 143 and Federal Circuit Rule 17(b)(1), the United States Patent and Trademark Office (USPTO) is today forwarding a certified list of documents comprising the record in the USPTO.

Ms. Farheena Y. Rasheed and Mr. Jeremiah S. Helm are representing the Director in this appeal. Appellant must contact Ms. Rasheed or Mr. Helm at (571) 272-9035 to arrange for designating the record.

Deliver all papers served on the Solicitor in connection with this appeal as follows:

By hand to:         Office of the Solicitor
                    600 Dulany Street
                    Madison West - Room 08C43
                    Alexandria, Virginia

By mail to:         U.S. Patent and Trademark Office
                    Office of the Solicitor
                    Mail Stop 8, P.O. Box 1450
                    Alexandria, VA 22313-1450

Respectfully submitted,

Michelle K. Lee
Under Secretary of Commerce for
Intellectual Property and Director of
the United States Patent and Trademark Office

Date: December 12, 2016        By: Macia L Fletcher

Macia L. Fletcher
Paralegal Specialist
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
571-272-9035

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the NOTICE FORWARDING CERTIFIED LIST has been served via electronic mail, on appellant this 12th day of December, 2016 as follows:

C. Douglass Thomas
IpVenture, Inc.
doug@ipventure.com


By: *Macia L. Fletcher*
**Macia L. Fletcher**
Paralegal Specialist

# U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

**December 12, 2016**

(Date)

**THIS IS TO CERTIFY** that the annexed is an accurate list of the content entries in the file of the patent application identified below. The list was taken from the IFW electronic database of this Office and comprises the record before the United States Patent and Trademark Office.

### The Patent Application of:

**Applicants:**    **C. DOUGLASS THOMAS**
                  **ALAN E. THOMAS**

**Serial No. :**    **13/099,285**

**File Date:**    **May 2, 2011**

**Invention:**    **THERMAL AND POWER MANAGEMENT FOR COMPUTER SYSTEMS**



By authority of the
DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE

*Certifying Officer*

# Prosecution History for Patent Application Serial Number 13/099,285

| Date | Document |
|------|----------|
| 05/02/2011 | New Application Transmittal |
| 05/02/2011 | Application Data Sheet |
| 05/02/2011 | Specification, Claims, Abstract, Drawings, Declaration |
| 05/02/2011 | Power of Attorney by Assignee |
| 05/02/2011 | Nonpublication Request and Certification |
| 05/02/2011 | Fee Worksheet |
| 05/13/2011 | Filing Receipt |
| 05/13/2011 | Fee Worksheet |
| 05/13/2011 | Notice of Acceptance of Power of Attorney |
| 05/26/2011 | Notice of Interferences Involving Related Co-Owned Patents |
| 09/05/2012 | Search Notes |
| 09/05/2012 | Search Results |
| 09/05/2012 | Bibliographic Data Sheet |
| 09/05/2012 | Non-Final Rejection |
| 12/18/2012 | Information Disclosure Statement |
| 12/18/2012 | Submission of Supplemental Declaration |
| 12/18/2012 | Response to Non-Final Rejection |
| 12/18/2012 | Fee Worksheet |
| 12/18/2012 | Fee Worksheet |
| 12/18/2012 | Fee Worksheet |
| 12/27/2012 | Petition to Make Special Based on Age for Advancement of Examination |
| 12/27/2012 | Petition Decision - Granted |
| 12/27/2012 | Information Disclosure Statement |
| 12/27/2012 | Fee Worksheet |
| 01/07/2013 | Information Disclosure Statement |
| 01/07/2013 | Fee Worksheet |
| 01/24/2013 | Search Notes |
| 01/24/2013 | Search Results |
| 01/24/2013 | Final Rejection |
| 02/08/2013 | Rescission of Previous Nonpublication Request |
| 02/21/2013 | Notice of New or Revised Projected Publication Date |
| 02/22/2013 | Communication Regarding Rescission of Nonpublication Request and/or Notice of Foreign Filing |
| 05/14/2013 | Extension of Time |
| 05/14/2013 | Response to Final Rejection |
| 05/14/2013 | Information Disclosure Statement |
| 05/14/2013 | Fee Worksheet |
| 05/28/2013 | Advisory Action |
| 05/28/2013 | Response to Final Rejection (approved for entry) |
| 05/30/2013 | Notice of Publication of Application |
| 06/12/2013 | Information Disclosure Statement |
| 06/12/2013 | Fee Worksheet |
| 06/20/2013 | Extension of Time |
| 06/20/2013 | Notice of Appeal |

# Prosecution History for Patent Application Serial Number 13/099,285

| Date | Document |
|------|----------|
| 06/20/2013 | Fee Worksheet |
| 08/07/2013 | Supplemental Response |
| 08/07/2013 | Information Disclosure Statement |
| 08/07/2013 | Fee Worksheet |
| 08/14/2013 | Appeal Brief |
| 08/14/2013 | Information Disclosure Statement |
| 08/14/2013 | Fee Worksheet |
| 09/17/2013 | Search Notes |
| 09/17/2013 | Search Results |
| 09/17/2013 | Non-Final Rejection |
| 01/17/2014 | Extension of Time |
| 01/17/2014 | Notice of Appeal |
| 01/17/2014 | Letter form Applicants re: Notice of Appeal Fee |
| 01/17/2014 | Fee Worksheet |
| 01/17/2014 | Information Disclosure Statement |
| 01/24/2014 | Appeal Brief |
| 02/21/2014 | Supplemental Notice of Related Appeals and Interferences |
| 04/28/2014 | Examiner's Answer |
| 05/05/2014 | Information Disclosure Statement (1/17/2014) Considered by Examiner |
| 05/30/2014 | Request for Oral Hearing |
| 05/30/2014 | Reply Brief |
| 05/30/2014 | Fee Worksheet |
| 06/11/2014 | PTAB Docketing Notice |
| 10/06/2015 | Supplemental Notice of Related Appeals and Interferences |
| 02/18/2016 | Notice of Hearing – San Jose, California |
| 03/02/2016 | Confirmation of Hearing by Appellant |
| 03/03/2016 | Supplemental Notice of Related Appeals and Interferences |
| 03/18/2016 | Information Disclosure Statement |
| 05/05/2016 | Oral Hearing Transcript |
| 06/01/2016 | PTAB Decision on Appeal |
| 08/01/2016 | Request for Rehearing |
| 10/03/2016 | Decision on Rehearing |
| 11/02/2016 | Appeal to U.S. Court of Appeals for the Federal Circuit |



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/099,285 | 05/02/2011 | C. Douglass Thomas | CDTP001H | 1463 |

34071      7590      10/03/2016

IPVENTURE, INC.
5150 EL CAMINO REAL
SUITE A-22
LOS ALTOS, CA 94022

| EXAMINER |
|---|
| DU, THUAN N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2118 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/03/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

*Ex parte* C. DOUGLASS THOMAS and ALAN E. THOMAS

---

Appeal 2014-006984
Application 13/099,285
Technology Center 2100

---

Before MAHSHID D. SAADAT, CHARLES J. BOUDREAU,
and ADAM J. PYONIN, *Administrative Patent Judges*.

SAADAT, *Administrative Patent Judge*.

DECISION ON REQUEST FOR REHEARING

Appellants request rehearing of the June 1, 2016, Decision on Appeal
("Decision"), wherein we affirmed the rejections of claims 4–8 and 11–19 as
being unpatentable over Pippin, Ikedea, and Swamy and of claims 9 and 10
as being unpatentable over Pippin, Ikedea, Swamy, and Gunn. We have
reconsidered the Decision in light of Appellants' arguments, but, for the
reasons given below, we are not persuaded any points were misapprehended
or overlooked by the Board in our Decision therein.

   A.   *"temperature measurement" of Claim 4*

*Pippin*

Appellants argue the only temperature measurement in Pippin is
provided by Programmable $V_{be}$ 110, as shown in Pippin's Figure 1, which is

a part of Programmable Thermal Sensor 100 (Req. Reh'g 2). Appellants
further contend the interrupt signal of Pippin, which is a control signal
derived from a temperature measurement and is provided to external
circuitry, is not a temperature measurement, as required by claim 4 (Req.
Reh'g 3). Appellants assert the Board failed to consider the language of
claim 4 with respect to the temperature measurement as well as the teachings
of Pippin in its Decision (Req. Reh'g 3–4).

> The Examiner made the following findings:

> Pippin teaches that the temperature sensor (thermal sensor 100)
> monitors the temperature of the microprocessor and outputs a
> signal (labeled as "interrupt") *to indicate that the
> microprocessor attains to a certain temperature, e.g. 100°F
> (threshold temperature)* [col. 4, lines 51-57; col. 10, lines 12-
> 24; col. 11, lines 1-5, 10-12].
> . . .
> The programmable $V_{be}$ contains a sensing portion and a
> multiplier portion [col. 4, lines 63-64], wherein the temperature
> of the microprocessor is measured by the sensing portion [col.
> 5, lines 22-24]. In general, *temperature of the microprocessor
> is measured (via the sensing portion) to generate the $V_{be}$ and
> then compares with the reference voltage (via sense amplifier)
> to generate the interrupt signal.*

(Ans. 19) (emphases added). The Examiner explained that Pippin teaches
the recited step of "receiving, at the circuitry external to the microprocessor,
a temperature measurement of the microprocessor from the internal
temperature sensor" because "the signal (interrupt) outputted from the
temperature sensor is to indicate the temperature of the microprocessor (e.g.
microprocessor attains 100°F)" (*id.*).

The Board agreed with and adopted those findings (Decision 5). As
explained by the Examiner, the interrupt signal provides a measurement of

the microprocessor temperature by indicating whether that temperature is above, or below, a threshold level. Although the signal itself may not be in the form of a value in degrees, the outputted signal is an indication or measurement of whether the microprocessor is getting hot or is still operating in a safe temperature range, *i.e.*, a temperature measurement (*see also* Appellants' Spec. ¶ 36). Therefore, we are unpersuaded that our Decision was based on erroneous determination of whether Pippin teaches the disputed limitation.

*Ikedea*

Appellants argue the Board's reasoning with respect to the teachings of Ikedea is defective because Ikedea's temperature sensor is external to a microprocessor (Req. Reh'g 4). Appellants further contend Ikedea does not disclose any internal temperature sensor that can provide a temperature of a microprocessor to external circuitry (*id.*).

The Examiner found, and the Board agreed, that temperature sensor 10 of Ikedea is internal to computer system 1, which contains CPU 2, and that temperature sensor 10 is configured to output the temperature of the CPU to external circuitry, as recited in claim 4 (Ans. 20; Decision 5). In fact, the Examiner relied on Ikedea as disclosing an actual measurement of the CPU temperature to meet the recited step of "receiving, . . . a temperature measurement of the microprocessor from the internal temperature sensor," which is considered as being internal to the computer system without necessarily needing to be inside the CPU. *See* Decision 4. Therefore, we are unpersuaded that our Decision was based on erroneous determination of whether Ikedea's temperature sensor is internal to a microprocessor, whereas the Board's Decision agreed with the Examiner's

3

finding regarding receiving at external circuitry a *temperature measurement* of the microprocessor.

### B. *"temperature measurement" of Claim 6*

Appellants argue the Board has erroneously relied on Pippin and Ikedea as disclosing the recited "temperature measurement" in claim 6 and provide arguments similar to those raised for claim 4, which are addressed above (Req. Reh'g 5–7). For the same reasons discussed above for claim 4, we are not persuaded by Appellants' arguments that the Board improperly relied on an incorrect understanding of a temperature measurement, as urged by Appellants.

### DECISION

Based on the foregoing, we have granted Appellants' request to the extent that we have reconsidered our Decision, but we deny Appellants' request to make any changes therein.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(v).

### DENIED



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/099,285 | 05/02/2011 | C. Douglass Thomas | CDTP001H | 1463 |

34071      7590      06/01/2016

IPVENTURE, INC.
5150 EL CAMINO REAL
SUITE A-22
LOS ALTOS, CA 94022

| EXAMINER |
|---|
| DU, THUAN N |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2118 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/01/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————————

*Ex parte* C. DOUGLASS THOMAS and ALAN E. THOMAS

———————————

Appeal 2014-006984
Application 13/099,285
Technology Center 2100

———————————

Before MAHSHID D. SAADAT, CHARLES J. BOUDREAU,
and ADAM J. PYONIN, *Administrative Patent Judges*.

SAADAT, *Administrative Patent Judge*.

DECISION ON APPEAL[1]

Appellants[2] appeal under 35 U.S.C. § 134(a) from the Non-final
Rejection of claims 4–19, which constitute all the claims pending in this
application.[3] We have jurisdiction under 35 U.S.C. § 6(b).

We affirm.

---

[1] An oral hearing was held for this appeal on April 6, 2016.

[2] According to Appellants, the real party in interest is IpVenture, Inc. (App.
Br. 1).

[3] Claims 1–3 have been canceled.

STATEMENT OF THE CASE

Appellants' invention relates to methods for thermal and power management in computing devices. Claim 4 is illustrative of the invention and reads as follows:

> 4.    A method for thermally managing temperature of a computing apparatus having a microprocessor, the microprocessor operating in accordance with a clock having a clock frequency, the microprocessor including an internal temperature sensor, the computing apparatus including circuitry external to the microprocessor for thermal management, the computing apparatus including a fan controllably operable to cool at least a portion of the computing apparatus, the method comprising:
>
> receiving, at the circuitry external to the microprocessor, a temperature measurement of the microprocessor from the internal temperature sensor;
>
> managing the temperature of at least the microprocessor of the computing apparatus based at least in part on the temperature measurement provided at least in part by the temperature sensor;
>
> determining which of at least two operational modes the computing apparatus is operating;
>
> retrieving fan control data dependent on at least the operational mode the computing apparatus is operating;
>
> comparing, at the circuitry external to the microprocessor, the temperature measurement with the fan control data to produce fan speed data; and
>
> controlling speed of the fan based on the fan speed data.

Claims 4–19 stand rejected under the judicially created doctrine of non-statutory obviousness-type double patenting over claims 1–28 of U.S. Patent No. 7,937,599 B1, issued May 3, 2011 (*see* Ans. 3).

Claims 4–8 and 11–19 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Pippin (US 7,216,064 B1; May 8, 2007), Ikedea (US 5,664,201; Sept. 2, 1997), and Swamy (US 5,623,594; Apr. 22, 1997) (*see* Ans. 4–12).

Claims 9 and 10 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Pippin, Ikedea, Swamy, and Gunn (US 5,436,827; July 25, 1995) (*see* Ans. 12–13).

## ANALYSIS

### *Non-statutory Obviousness-type Double Patenting Rejection*

U.S. Patent No. 7,937,599, which served as the basis for the non-statutory obviousness-type double patenting rejection, was involved in an interference proceeding that resulted in the cancellation of all of its claims. *See Thomas v. Pippin*, Interference 105,957 (PTAB Jan. 26, 2015) (Paper 297), *aff'd* 628 Fed. App'x 766 (mem.) (Fed. Cir. 2016). Accordingly, we consider the non-statutory obviousness-type double patenting rejection as moot and do not reach the merits of that rejection.

### *35 U.S.C. § 103 Rejections*

With respect to both rejections under 35 U.S.C. § 103, we disagree with Appellants' conclusions. We adopt as our own (1) the findings and reasons set forth by the Examiner in the action from which this appeal is taken and (2) the reasons set forth by the Examiner in the Examiner's Answer (Ans. 18–28) in response to Appellants' Appeal Brief. We concur with the conclusions reached by the Examiner and highlight and address specific findings and arguments for emphasis as follows.

*Claim 4*

In rejecting claim 4, the Examiner finds Pippin discloses the recited method for thermally managing the temperature of a computing apparatus having a microprocessor which operates in accordance with a clock having a clock frequency and includes an internal temperature sensor (Ans. 4–5) and further relies on Ikedea as teaching the receiving, managing, determining, and comparing steps for controlling the speed of a fan (Ans. 6–7). The Examiner finds Swamy's disclosure in columns 3, 6, and 7 teaches the recited step of "retrieving fan control data dependent on the operational mode the computing apparatus is operating" (Ans. 7–8). The Examiner concludes it would have been obvious to one of ordinary skill in the art to combine the teachings of Pippin and Ikedea with Swamy in order to achieve a higher level of reliability (Ans. 8).

Appellants contend the proposed combination is improper because Figure 9 of Pippin shows programmable thermal sensor 110 produces an interrupt signal that is internal to microprocessor 900 and is supplied to external sensor logic 940 (App. Br. 8–10). In particular, Appellants argue the interrupt signal of Pippin, which is the only signal that is externally available, is not a temperature measurement, as required by claim 4 (App. Br. 8). With respect to Ikedea, Appellants contend the cited passage in column 8, lines 38–43, refers to the location of temperature sensor 10 as placed in the vicinity of CPU 2, which is not internal to the microprocessor (App. Br. 9; Reply Br. 9). Lastly, Appellants contend Swamy describes "a decision in a control process where a fan can be activated if not presently 'on' or the fan can increase its speed if already 'on'" (App. Br. 10).

Appellants' arguments are not persuasive. With respect to Pippin, we agree with the Examiner's finding that the disclosed interrupt signal meets the recited limitation of "a temperature measurement of the microprocessor" because the signal is sent to indicate the microprocessor has attained a certain temperature, or a threshold temperature (Ans. 19). As further explained by the Examiner, Ikedea also discloses this claim limitation as the signal the temperature sensor 10 sends to the outside circuitry (*see* Ans. 20 (citing Ikedea, Fig. 1, col. 8, ll. 38–43)). Although the temperature sensor of Ikedea is placed in the vicinity of CPU 2 (*see* Reply Br. 9), one of ordinary skill would recognize Ikedea teaches the sending of a signal to the external circuitry that is directly related to the temperature measurement. Lastly, regarding Swamy, we agree with the Examiner's findings (*see* Final Act. 9–10; Ans. 21–22) that trace 140 forms a temperature sensor for determining the operating mode, such as whether a cooling fan is to be turned on or, if the fan is on, to modify the fan speed (*see also* Swamy col. 6, ll. 54–58).

Next, Appellants argue the combination of Pippin with Ikedea and Swamy is improper because: (1) "the generalized alleged rationale of cost reduction or increased reliability as the basis for combining these prior art references" is not an adequate justification (App. Br. 11–12) and (2) "the interrupt driven cooling control in Pippin is reliant on a thermally initiated interrupt that is generated internal to a microprocessor," which is not cured by the secondary references to Ikedea and Swamy (App. Br. 12).

We are not persuaded of Examiner error. As explained by the Examiner (Ans. 22–23), providing the sensing portion of a temperature sensor in a microprocessor, as suggested by Pippin, reduces cost, while including the necessary control signals to operate a fan increases the

reliability of the system. Furthermore, Appellants' argument regarding the interrupt signal of Pippin is not persuasive for the reasons stated above in our analysis of Pippin. Therefore, consistent with the guidelines stated in *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), the Examiner's rejection is based on improvements made by the combination to the method of Pippin for reducing the overheating problem of a processor. Indeed, the Supreme Court has indicated that:

> [It is error to] assum[e] that a person of ordinary skill attempting to solve a problem will be led only to those elements of prior art designed to solve the same problem. . . . Common sense teaches . . . that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle.

*KSR*, 550 U.S. at 420 (citations omitted). Therefore, the Examiner has articulated how the claimed features are suggested by the proposed combination of the reference teachings with some rational underpinning. *See KSR*, 550 U.S. at 418.

*Claim 6*

Appellants contend the combination of Pippin with Ikedea and Swamy does not teach or suggest "the temperature measurement is provided to the circuitry external to the microprocessor without any substantial alteration or hindrance to the temperature measurement," as recited in claim 6 (App. Br. 13). We are not persuaded because, as discussed above regarding claim 4, the interrupt signal of Pippin is indicative of a temperature measurement that is above a threshold and is directly provided to the external circuitry "without any substantial alteration or hindrance to the temperature measurement."

*Claim 7*

Regarding claim 7, Appellants rely on the same argument made for claim 4 with respect to Pippin's teaching of temperature measurement that is external to the microprocessor (App. Br. 15). Appellants further contend Ikedea does not provide the missing teaching because the portions of Ikedea in columns 5 and 6 indicate implementing a high speed clock and a low speed clock, which is not the same as the recited "'clock control data' to be dependent on operational mode of a computing apparatus" (App. Br. 15–16).

Appellants' arguments do not persuade us of Examiner error. As discussed above for claims 4 and 6, the interrupt signal of Pippin relates to a temperature measurement that identifies temperatures above a threshold. Regarding the teachings of Ikedea, we agree with the Examiner's findings that the high and low clock speeds, which are based on the temperature of the microprocessor, correspond to the normal mode and the power saving mode of the microprocessor, respectively (*see* Ans. 25 (citing Ikedea col. 4, l. 58–col. 5, l. 7; col. 6, ll. 8–11 and 50–67)).

*Claim 19*

Appellants argue the patentability of claim 19 by relying on arguments that are similar to those raised with respect to claim 7 and are addressed above. For the same reasons stated for claim 7, Appellants' contentions for claim 19 do not persuade us of Examiner error.

## CONCLUSION

For the foregoing reasons, Appellants' arguments have not persuaded us that the Examiner erred in finding the combination of Pippin with Ikedea and Swamy teaches or suggests the disputed limitations of claims 4, 6, 7, and 19. Accordingly, we sustain the 35 U.S.C. § 103(a) rejections of independent claims 4, 6, 7, and 19, as well as the remaining claims which are not argued separately.

## DECISION

The decision of the Examiner to reject claims 4–19 is affirmed.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(iv).

## AFFIRMED

1  UNITED STATES PATENT AND TRADEMARK OFFICE
2  PATENT TRIAL AND APPEAL BOARD
3  _____
4
5  Appeal No. 2014-006984
6
7  Application No. 13/099,285
8
9  Technology Center 2100
10  _____
11
12  **EX PARTE THOMAS**
13  _____
14
15  **APPEAL TO THE COURT OF APPEAL FOR THE FEDERAL CIRCUIT**

16      In accordance with 35 USC § 141 and 37 CFR § 1.301, Applicants elect to APPEAL to

17  the United State Court of Appeals for the Federal Circuit for the following orders, decisions

18  and/or judgments of the Board Appeal No. 13/099,285, entered June 1, 2016 and October 3,

19  2016.  Appellant, C. Douglass Thomas, believes the Board's decision is erroneous and should be

20  reversed.

21      In accordance with 35 USC § 142 and 37 C.F.R. §41.8(b), please find enclosed copies of

22  the Notice of Appeal/Review to the Court of Appeals for the Federal Circuit for the above-noted

23  patent application proceedings, and accompanying papers, as filed by Thomas on November 2,

24  2016.  If any fees are required, please charge Deposit Account 50-3874.

25                                          Respectfully submitted,

26                                          /CDouglassThomas/
27                                          C. Douglass Thomas
28                                          Reg. No. 32,947
29  IpVenture, Inc.
30  5150 El Camino Real, Suite A-22
31  Los Altos, CA  94022
32  408-955-0535

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

|  |  |
|---|---|
| ) | Appeal Action No. _____ |
| ) | |
| EX PARTE THOMAS ) | |
| ) | |
| Appellant, ) | |
| ) | |
| ) | **NOTICE OF APPEAL / PETITION** |
| ) | **FOR REVIEW** |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

Appellant, C. Douglass Thomas, hereby petition/appeal to the United State Court of Appeals for the Federal Circuit for the following orders, decisions and/or judgments of the Patent Trial and Appeal Board of the United States Patent and Trademark Office in Patent Application No. 13/099,285, including the decision in Appeal No. 2014-006984 entered June 1, 2016 as well as the decision on reconsideration entered October 3, 2016. Copies of such prior decisions are submitted herewith. The filing fee is also submitted herewith.

Dated: November 2, 2016

Respectfully submitted,

/CDouglassThomas/
C. Douglass Thomas
Appellants' Representative
IpVenture, Inc.
5150 El Camino Real, Suite A-22
Los Altos, CA 94022
doug@ipventure.com
650-903-9200

## CERTIFICATE OF SERVICE

I certify that, on or about the date and time specified below, a copy of this paper was served on the enty/individuals listed below by U.S. mail at their addresses listed below.

TO:

Attn. Office of Solicitor
Office of the General Counsel
United States Patent and Trademark Office
P.O. Box 1450 Alexandria, VA 22313-1450

DATE OF SERVICE: November 2, 2016

/CDouglassThomas/
C. Douglass Thomas
Appellants' Representative